```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - :
UNITED STATES OF AMERICA,            :    16 Civ. 9446 (JCF)
                  Plaintiff,         :
                                     :    MEMORANDUM
      - against -                    :    AND ORDER
                                     :
111 EAST 88TH PARTNERS,              :
                  Defendant.         :
- - - - - - - - - - - - - - - - - - :
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/19/17

The United States of America (the "Government") has brought this action under the Fair Housing Act (the "FHA"), 42 U.S.C. § 3601 et seq., against 111 East 88th Partners, the owner and operator of a condominium building in Manhattan. The Government alleges that the defendant discriminated against its tenant Gregory Reich based on his disability by refusing his request to keep an emotional support dog in his apartment. After this action was filed, Mr. Reich's dog died. The Government now seeks to amend its complaint to add factual allegations about a subsequent denial of reasonable accommodation. The motion is granted.

Background

The original complaint alleges that Mr. Reich leases a rent-controlled apartment in the defendant's sixty-one unit building. (Complaint, ¶¶ 7-8, 17). Mr. Reich suffers from a number of

1

conditions, including depression, a personality disorder, and chronic kidney disease. (Complaint, ¶ 15). In 1997, he adopted a dog, Orion, apparently in violation of his lease, which prohibits tenants from keeping dogs without the defendant's written permission. (Complaint, ¶¶ 16, 18). In 1998, the defendant commenced an eviction action, which was dismissed because the landlord failed to take action within three months of learning of the pet's presence. (Complaint, ¶ 18).

Orion died in 2006, and Mr. Reich soon adopted another dog, Maddy, from an animal shelter. (Complaint, ¶ 19). In response to the defendant's notice of termination of his tenancy, Mr. Reich asked that he be able to keep the animal as a reasonable accommodation, after which the defendant commenced an eviction action. (Complaint, ¶ 21). Mr. Reich filed a complaint with the Department of Housing and Urban Development ("HUD"), and ultimately the New York State Department of Human Rights filed a discrimination action on his behalf in state court. (Complaint, ¶ 22). In September 2015, the state court ruled that, because Mr. Reich's therapist had found that as of March 2014 he no longer met the criteria for his previous diagnoses, Mr. Reich could not present evidence of psychological impairment. (Complaint, ¶ 23).

The action was later dismissed.[1]  (Complaint, ¶ 23).

In March 2015, Mr. Reich was diagnosed with End-Stage Renal Disease, leading to deterioration of his mental health. (Complaint, ¶¶ 15, 27-28).  In June 2015, Mr. Reich asked for an accommodation to keep an emotional support dog in his apartment. (Complaint, ¶ 26).  The defendant thereafter requested that Mr. Reich provide copies of his therapist's session notes as well as medical records and history.  (Complaint, ¶ 29).  Mr. Reich filed a complaint with HUD, reasoning that the defendant's requests for medical information were so burdensome as to constitute a denial of his request.  (Complaint, ¶ 31).  HUD investigated the complaint and issued a Charge of Discrimination against the defendant.  (Complaint, ¶ 13).  In October 2016, the Government filed this action pursuant to 42 U.S.C. § 3612(o)(1).  (Complaint, ¶ 14).

The proposed Amended Complaint alleges the following facts. Maddy died in April 2017.  (Proposed Complaint, ¶ 33).

---

[1] The original complaint asserts that the action was dismissed without prejudice.  (Complaint, ¶ 23).  The proposed Amended Complaint states that the state court later clarified that the dismissal was with prejudice.  ([Proposed] Amended Complaint ("Proposed Complaint"), attached as App. A to Plaintiff's Memorandum of Law in Support of Its Motion to Amend the Complaint ("Pl. Memo."), ¶ 23).

Approximately one and one-half months later, Mr. Reich asked to be allowed to adopt another dog for emotional support. (Proposed Complaint, ¶ 34). The defendant then sought

(1) copies of Mr. Reich's "medical records and medical history, including but not limited to medical management provided, tests conducted with their results, glomerular filtration rate, MRI, CT scan, ultrasound or contrast x-ray, for the period of time Dara Huang MD, Shuchita Sharma, MD, and Kidney & Hypertension Specialists of New York, P.C. have been seeing/treating [him],"

(2) copies of "medical records relating to the claimed ongoing and continuing medical problems regarding his ability to receive dialysis," and

(3) the "exact breed of the dog" that Mr. Reich wished to adopt.

(Proposed Complaint, ¶ 35). The defendant also reserved its right to "supplement" its requests in various ways.[2] (Proposed Complaint, ¶ 35). The Government seeks to amend its complaint to add these allegations, asserting that the defendant's responses to the 2017 accommodation request, like its responses to the 2015 accommodation request, were intended to discourage Mr. Reich from pursuing his rights under the FHA and reflect an intent to

---

[2] These requests are very similar to the requests that the defendant made in connection with Mr. Reich's 2015 request for accommodation. (Determination of Reasonable Cause and No Reasonable Cause ("HUD Determination"), attached as part of Exh. A to Declaration of Sharanya Mohan dated Aug. 31, 2017, at 5).

4

discriminate against him based on his disability. (Proposed Complaint, ¶ 39).

Discussion

    A.    Legal Standard

Rule 15 of the Federal Rules of Civil Procedure provides that courts should "freely give" leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); accord Foman v. Davis, 371 U.S. 178, 182 (1962); Aetna Casualty & Surety Co. v. Aniero Concrete Co., 404 F.3d 566, 603 (2d Cir. 2005). "This permissive standard is consistent with [the Second Circuit's] 'strong preference for resolving disputes on the merits.'" Williams v. Citigroup Inc., 659 F.3d 208, 212–13 (2d Cir. 2011) (quoting New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005)). The district court has broad discretion over motions to amend, see McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007), and may deny such a motion for any of the following reasons: (1) undue prejudice to the non-moving party, (2) futility, (3) bad faith or dilatory motive, (4) repeated failure to cure deficiencies by previous amendments, or (5) undue delay, United States ex rel. Ladas v. Exelis, Inc., 824 F.3d 16, 28 (2d Cir. 2016).

    B.    Futility

Leave to amend should be denied as futile when the amended

pleading would not survive a motion to dismiss under Rule 12(b). IBEW Local Union No. 58 Pension Trust Fund & Annuity Fund v. Royal Bank of Scotland Group, PLC, 783 F.3d 383, 389 (2d Cir. 2015). Thus, the standard governing leave to amend is whether the amended pleading states a claim on which relief can be granted when all facts pled are accepted as true and construed in the light most favorable to the plaintiff. See Panther Partners Inc. v. Ikanos Communications, Inc., 681 F.3d 114, 119 (2d Cir. 2012) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-80 (2009)). The non-moving party bears the burden of demonstrating that the proposed amendment is futile. See Allison v. Clos-ette Too, LLC, No. 14 Civ. 1618, 2015 WL 136102, at *2 (S.D.N.Y. Jan. 9, 2015).

The defendant argues that the Government "seeks to circumvent the administrative framework . . . of the [FHA], which mandates . . . that enforcement actions initiated by . . . [HUD] proceed pursuant to a prescribed administrative process." (Defendant's Memorandum of Law in Opposition to the Government's Motion to Amend the Complaint ("Def. Memo.") at 1). The FHA establishes certain procedures to follow upon the filing of an administrative complaint with HUD alleging a discriminatory housing practice. These include notice to the respondent, an investigation of the claim, a conciliation process, and a determination of whether reasonable

cause exists to believe that a discriminatory housing practice has occurred. 42 U.S.C. § 3610(a)-(b), (g). Because the Government did not engage in a new round of investigation, conciliation, and determination in connection with Mr. Reich's most recent complaint, the defendant asserts it lacks "standing to maintain this action."[3] (Def. Memo. at 9). But "it is well-settled that a plaintiff is not required to exhaust administrative remedies before commencing an FHA . . . claim in federal court." Sinisgallo v. Town of Islip Housing Authority, 865 F. Supp. 2d 307, 320-21 (E.D.N.Y. 2012) (collecting cases); see also 42 U.S.C. § 3613 (a)(2) (allowing aggrieved persons to commence civil actions without filing administrative complaints); Hart v. Murphy, No.

---

[3] Generally, when a litigant fails to engage in statutorily-prescribed administrative procedures the question is whether that failure deprives the court of jurisdiction, rather than whether the non-compliant litigant lacks standing. See, e.g., Fowlkes v. Ironworkers Local 40, 790 F.3d 378, 384 (2d Cir. 2015) (holding that "administrative exhaustion is not a jurisdictional requirement [for a Title VII action]; rather, it is merely a precondition of suit and, accordingly, it is subject to equitable defenses"); Paese v. Hartford Life & Accident Insurance Co., 449 F.3d 435, 439, 446 (2d Cir. 2006) (clarifying in context of ERISA that failure to exhaust administrative remedies "does not mean we lack subject matter jurisdiction, but rather is an affirmative defense, subject to waiver, estoppel, futility, and similar equitable considerations"); Lyons v. Litton Loan Servicing LP, 158 F. Supp. 3d 211, 218 (S.D.N.Y. 2016) (discussing lack of standing and failure to exhaust as separate bases for motion under Federal Rule of Civil Procedure 12(b)(1)).

8:12-CIV-2020, 2013 WL 1278161, at *1 (M.D. Fla. March 28, 2013) ("Unlike other remedial federal civil rights legislation, most notably employment discrimination, neither the Fair Housing Act nor Section 1982 require that a victim of a discriminatory housing practice first exhaust his administrative remedies as a precondition to filing suit." (quoting 28 Am. Jur. Trials § 7 (1981)); United States v. Pacific Northwest Electric, Inc., No. CV-01-019, 2003 WL 24573548, at *21 (D. Idaho March 21, 2003) (collecting cases) ("Several courts have held that a plaintiff is not required to pursue conciliation or exhaust any administrative remedies before filing an action under the Fair Housing Act . . . ."); United States v. Sea Winds of Marco, Inc., 893 F. Supp. 1051, 1054 (M.D. Fla. 1995) (failure to engage in administrative procedures is not "detrimental to subsequent actions to enforce the Fair Housing Act"). Indeed, as then-District Judge Gerard Lynch noted in United States v. Hillman Housing Corp., "[d]epriv[ing] [] victims [of housing discrimination] access to judicial remedies because of administrative errors on the part of the agency assigned to assist them would defeat th[e] purpose [of the FHA]. Nor would [it] further Congress' goal of conciliating those disputes that can be resolved short of litigation" since complainants are allowed to "skip[] the HUD process (and potential

administrative conciliation efforts) altogether."  212 F. Supp. 2d 252, 254-55 (S.D.N.Y. 2002).

For this reason, the Government's reliance on <u>Rhode Island Commission for Human Rights v. Graul</u>, 120 F. Supp. 3d 110 (D.R.I. 2015), is unnecessary.  (Pl. Memo. at 7-8).  In that FHA case, the defendants argued that the "administrative process leading up to the filing of the complaint was flawed" because the plaintiff "did not give sufficient notice of the reliance on discriminatory impact" and because its "efforts at conciliation were inadequate."  <u>Graul</u>, 120 F. Supp. 3d at 118 (emphasis omitted).  The court analogized to Title VII cases, in which "[t]he exhaustion requirement serves to give a potential defendant 'prompt notice of the claim and to create an opportunity for early conciliation.'"  <u>Id.</u> (quoting <u>Lattimore v. Polaroid Corp.</u>, 99 F.3d 456, 464 (1st Cir. 1996)).  The notice requirement "serves to limit the scope of any subsequent complaint to 'the charge filed . . . and the investigation which can reasonably be expected to grow out of that charge.'"  <u>Id.</u> (quoting <u>Lattimore</u>, 99 F.3d at 464).  Relying on those principles, the court held that the plaintiff could allege claims reasonably related to the charge that the complainant had filed with the administrative agency.  <u>Id.</u> at 120.  However, as noted above, the FHA does not require a plaintiff to engage in the

9

administrative process, see, e.g., Sinisgallo, 865 F. Supp. 2d at 320-21; Pacific Northwest Electric, 2003 WL 24573548, at *21, or even to file a complaint with an administrative agency, see, e.g., Hart, 2013 WL 1278161, at *1 ("Although the Fair Housing Act provides that an aggrieved person may file a complaint with HUD, more immediate and meaningful relief is more likely obtainable if the complainant bypasses the administrative complaint process entirely and immediately files suit in federal district court." (quoting 28 Am. Jur. Trials § 7 (1981)). Where there is no requirement that a plaintiff file an administrative complaint at all, I cannot see why such a document, if filed, should serve to limit the allegations in an action in federal court.

Therefore, the Government's failure to complete the administrative procedures outlined in the FHA after Mr. Reich's 2017 administrative complaint does not render the proposed amendment futile.

B. Prejudice

The defendant also contends that it will suffer undue prejudice if the amendment is allowed because "the proposed amendment will deprive [the] [d]efendant of administrative rights and remedies otherwise afforded under [the FHA]." (Def. Memo. at 2). This is particularly important here, it asserts, because Mr.

Reich litigated a similar accommodation claim in state court and lost. (Def. Memo. at 2-3). This argument also fails.

First, the defendant does not have a right to attempt to "have the complaint dismissed at the administrative level and to create an administrative record" (Def. Memo. at 11) for the simple reason, discussed above, that engaging in the administrative adjudication process is not mandated under the FHA. Moreover, it is not clear what benefit the defendant would garner from administrative proceedings in connection with the 2017 complaint, as litigation is already pending. Additionally, as the Government points out, in its review of Mr. Reich's 2015 administrative complaint, HUD already analyzed the effect of the prior adjudication on the 2015 claim. (Plaintiff's Reply Memorandum in Further Support of Its Motion to Amend the Complaint ("Reply") at 5; HUD Determination at 2-4, 7). As the 2017 complaint is eerily similar to the 2015 complaint -- the major difference is merely that Mr. Reich asked for an accommodation allowing a different dog than Maddy to occupy his apartment -- "there is no basis to think that HUD would resolve this new complaint differently." (Reply at 5). Finally, to the extent that the defendant wants an opportunity to resolve this action without further litigation, "this Court's mediation program is available . . . by simple request to the Court, as are []

settlement services of [a] United States Magistrate Judge or any other reasonable mediation or conciliation process that any party suggests." Hillman Housing, 212 F. Supp. 2d at 255.

In sum, the defendant has not borne "the burden of establishing that amendment would be unduly prejudicial." Li v. 8868 Corp., No. 15 Civ. 4433, 2016 WL 7015734, at *2 (S.D.N.Y. Nov. 30, 2016).

Conclusion

For the foregoing reasons, the Government's motion to amend the complaint (Docket no. 20) is granted. Within seven days of the date of this Order the Government shall file its Amended Complaint.[4]

SO ORDERED.

*James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
September 19, 2017

---

[4] Steven S. Sieratzki, who signed the defendant's submission as its counsel, shall promptly file a notice of appearance in this action.

12

Copies transmitted this date:

Sharanya Mohan, Esq.
Lauren A. Lively, Esq.
Assistant U.S. Attorney
86 Chambers St.
New York, NY 10007

Neal Fellenbaum, Esq.
Zegen & Fellenbaum
505 Park Ave., 20th Floor
New York, NY 10022

Edward J. Phillips, Esq.
Keane & Beane, P.C.
445 Hamilton Ave., 15th Floor
White Plains, NY 10601