UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

UNITED STATES OF AMERICA,

                                     Plaintiff,

            -against-

111 EAST 88TH PARTNERS,

                                     Defendant.

------------------------------------------------------------------X

**OPINION AND ORDER**

**16-CV-9446 (PGG) (KHP)**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

      Defendant 111 East 88th Partners has again moved to stay discovery (Doc. No. 90) pending an appeal of this Court's ruling denying its motion for a protective order and permitting a limited-scope deposition of its attorney Steven Sieratzki. Plaintiff, the United States Government, objects to Defendant's request for a stay.

      The Court has discretion to issue a stay of discovery under Federal Rule of Civil Procedure 26(c) upon a showing of good cause by the party seeking the stay. *See* Fed. R. Civ. P. 26(c); *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.,* 297 F.R.D. 69, 72 (S.D.N.Y. 2013). Most decisions discussing the standard for issuance of a stay concern motions brought due to the pendency of a motion to dismiss. The parties have not cited, nor is this Court aware, of any cases discussing the appropriateness of a stay pending appeal of a discovery order issued by a Magistrate Judge pursuant to Federal Rule of Civil Procedure 72(a) ("Rule 72(a)"). In this Court's view, the factors considered by a District Judge when deciding to issue a stay pending mandamus are relevant and should likewise be considered in the context of a Rule 72(a) appeal.

1

Thus, this Court considers whether Defendant has made a strong showing that it is likely to succeed in its appeal to Judge Gardephe, whether Defendant will be irreparably injured absent a stay, whether issuance of the stay will substantially injure other parties interested in the proceeding, and where the public interest lies. *Cf. New York v. United States Dep't of Commerce*, Nos. 18-cv-2921 (JMF) & 18-cv-5025 (JMF), 2018 WL 4279467, at *1 (S.D.N.Y. Sept. 7, 2018) (setting forth factors relevant for stay pending mandamus).

In light of the standards above, Defendant's motion to stay is without merit. First, this Court has broad discretion to manage discovery. *See Winfield v. City of New York*, No. 15-cv-5236 (LTS) (KHP), 2017 WL 5054727, at *2 (S.D.N.Y Nov. 2, 2017). Further, the reversal of a discovery order is subject to a clearly erroneous standard and therefore rare. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Commodity Futures Trading Comm'n v. Standard Forex, Inc.*, 882 F. Supp. 40, 42 (E.D.N.Y. 1995). Defendant cites to no Supreme Court or Second Circuit authority that this Court failed to follow in the challenged discovery ruling. At best, it quibbles with this Court's application of legal principles set forth in a decision issued in a similar case from this District. This does not render this Court's discovery decision clearly erroneous or contrary to law. *See Winfield*, 2017 WL 5054727, at *2 (that "reasonable minds may differ on the wisdom of granting [a party's] motion is not sufficient to overturn a magistrate judge's decision.") (quoting *Edmonds v. Seavey*, No. 08-cv-5646 (HB), 2009 WL 2150971, at *2 (S.D.N.Y. July 20, 2009).

Defendant's contention that it will be irreparably prejudiced by disclosures that will be made at Mr. Sieratzki's deposition is incorrect. This Court permitted a limited-scope deposition designed to protect attorney-client privileged communications that are extraneous to the core

questions to which Plaintiff seeks answers.  Defendant identified its attorney in its discovery responses as someone with knowledge and information pertinent to its defenses in this case and rendered him a fact witness.  Furthermore, it appears that Mr. Sieratzki is the only fact witness able to provide certain information because the other fact witness identified by Defendant specifically directed Plaintiff to obtain answers to certain questions from Mr. Sieratzki.  Plaintiff has offered to treat testimony provided by Mr. Sieratzki as confidential under the Protective Order issued in this case (Doc. No. 15) until any appeal is resolved.  This Court finds this offer to be reasonable and sufficient to mitigate any perceived risk to Defendant of proceeding with the deposition.  Moreover, to the extent Judge Gardephe disagrees with this Court's ruling concerning Mr. Sieratzki's deposition, he can exclude information obtained from trial.  In sum, it is unlikely Defendant will be harmed by the deposition proceeding within the limited scope permitted.

    This Court also takes into consideration the harm a stay might impose on others.  The Government is prosecuting this case on behalf of a tenant with a terminal illness facing eviction by Defendant.  Further delay in the resolution of this case, which already is two years old, is injurious to the tenant, who deserves a speedy answer to whether he can keep his emotional support dog in his apartment and whether he must look for another residence while receiving near-daily kidney dialysis.  In addition, Federal Rule of Civil Procedure 1 requires the Court to ensure the speedy resolution of cases.  Fed. R. Civ. P. 1.  Finally, the Court takes into consideration the public interest in this case, which Defendant acknowledged in its letter to the Court.  The ultimate resolution of this case may provide guidance to other tenants and landlords concerning the accommodation of emotional support dogs in apartment buildings.

For all of these reasons, the motion for a stay is **DENIED**. The deposition shall take place by no later than **October 16, 2018**. Defendant shall provide three dates on which Mr. Sieratzki is available for deposition within the above-referenced time frame. The Court **GRANTS** the request for an extension of the date by which Defendant must produce additional relevant documents and a privilege log to **October 12, 2018**.

**SO ORDERED.**

Dated: September 27, 2018
       New York, New York

*Katharine H Parker*
_____
KATHARINE H. PARKER
United States Magistrate Judge